# United States District Court

## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>Joshua H. Evans | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  <u>CR407-00235-001</u><br><br>USM Number:  <u>13228-021</u><br><br><u>Alex L. Zipperer, III, and Derek J. White</u><br>Defendant's Attorneys |

## THE DEFENDANT:

[X]  pleaded guilty to Count  <u>1</u> .

[ ]  pleaded nolo contendere to Count(s) _ which was accepted by the court.

[ ]  was found guilty on Count(s)_ after a plea of not guilty.

The defendant has been convicted of the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2) | Attempted receipt of child pornography | June 29, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s)___.

[ ]  Count(s)_ (is)(are) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 12, 2007

Date of Imposition of Judgment

Signature of Judge

William T. Moore, Jr.
Chief Judge, U. S. District Court

Name and Title of Judge

*DEC. 14, 2007*

Date

DEFENDANT: Joshua H. Evans
CASE NUMBER: CR407-00235-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 60 months. **SEE ATTACHED EXHIBIT (SENTENCING TRANSCRIPT)**

[X]    The Court makes the following recommendations to the Bureau of Prisons: Designation to the Bureau of Prisons facility in Jesup, Georgia, or Butner, North Carolina, is recommended.

[  ]    The defendant is remanded to the custody of the United States Marshal.

[  ]    The defendant shall surrender to the United States Marshal for this district:

[  ] at ___ [  ] a.m.  [  ] p.m. on _____.

[  ] as notified by the United States Marshal.

[X]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[X] before 2 p.m. on _January 14, 2008_.

[  ] as notified by the United States Marshal.

[  ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
United States Marshal

By _____

Deputy United States Marshal

DEFENDANT: Joshua H. Evans
CASE NUMBER: CR407-00235-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>2 years</u> .

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[X]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)     the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependents and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)     the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement; and

14)    Any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of supervised release.

DEFENDANT: Joshua H. Evans
CASE NUMBER: CR407-00235-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

2. The defendant shall complete 100 hours of community service during the first 12 months of supervision.

3. The defendant shall attend and participate in a mental health treatment program, including sex offender treatment, as directed by the probation officer. The defendant shall abide by all rules, requirements, and conditions of the treatment program, to include random polygraph examinations. The cost of treatment shall be paid by the defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

4. The defendant shall not possess, access, subscribe to, or view any videos, magazines, literature, photographs, images, drawings, video games, or Internet web sites depicting children or adults in the nude and/or engaged in sexual activity.

5. The defendant shall not have contact with anyone under the age of 18 unless accompanied by a responsible adult (approved by the probation officer) who is aware of the defendant's patterns of sexual abuse. Contact is defined as person-to-person, over the telephone, through the mail, over the Internet, and third-party contact.

6. The defendant shall register as a sex offender with appropriate federal, state, and local authorities and shall comply with all registration requirements.

7. The defendant shall submit his person, residence, office, vehicle, computer hard drive, computer disks, and any other computerized files to a search conducted by the probation officer, and other such law enforcement personnel as the probation officer may deem advisable, without a warrant and at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

8. The defendant shall not possess or use a computer with access to any on-line service at any location without prior written approval of the probation officer. This includes any Internet service provider, any bulletin board system, or any other public or private computer network. The defendant shall not possess or use any computer for employment purposes without prior approval of the probation officer. The defendant shall consent to third-party disclosure to any employer, or potential employer, of any computer-related restrictions imposed by the Court.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)      _____      _____
                    Defendant                                    Date


                  _____      _____
                  U. S. Probation Officer/Designated Witness            Date

DEFENDANT: Joshua H. Evans
CASE NUMBER: CR407-00235-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100 | | |

[ ] The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | | | |

[ ] Restitution amount ordered pursuant to plea agreement $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the   [ ] fine   [ ] restitution.

    [ ] The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Joshua H. Evans
CASE NUMBER: CR407-00235-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X]    Lump sum payment of $ 100 due immediately, balance due

        [ ] not later than ___; or
        [ ] in accordance with    [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B [ ]    Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C [ ]    Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence
        _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of ___ (e.g., months or years), to commence
        _(e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]    Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment.
        the court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several
        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount,  Joint and Several
        Amount, and corresponding payee, if appropriate:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

UNITED STATES OF AMERICA    *

v.                       * CASE NUMBER CR407-235

JOSHUA EVANS           *

---

Transcript of Sentencing Hearing held December 12, 2007 before The Honorable William T. Moore, Jr., Chief Judge Presiding, reported by Marie Cowart, Official Court Reporter.

---

APPEARANCES:

| | |
|---|---|
| For the Government | EDMUND A. BOOTH, JR., U.S. ATTORNEY |
| | JAMES D. DURHAM, AUSA |
| | JULIE M. WADE, AUSA |
| | |
| For the Defendant | ALEX L. ZIPPERER, III, ESQ. |
| | DEREK J. WHITE, ESQ. |

*Proceedings recorded by shorthand with back-up recording; transcript produced from note reading in conjunction with transcription of back-up recording.*

# I N D E X

PRELIMINARIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FINDINGS OF FACT AND CONCLUSIONS OF LAW . . . . . . . . . . . . . . . . . 4

PRONOUNCEMENT OF SENTENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1    [NOTE: Court is opened.]

2    THE COURT: Good afternoon, ladies and gentlemen.  Call the

3    case, please, Mr. Garrett.

4    CLERK: Yes, Your Honor.  The Court calls the case United

5    States of America versus Joshua Evans, Savannah Division Case Number

6    CR407-235-1.  Julie M. Wade, Edmond Booth, James Durham representing

7    the United States, Your Honor; Alex L. Zipperer, III, Derek J. White

8    representing Joshua Evans, here for sentencing, sir.

9    THE COURT: Is the government ready to proceed?

10    MS. WADE: Good afternoon, Your Honor.  The government is

11    ready.

12    MR. ZIPPERER: We're ready, Your Honor.

13    THE COURT: Mr. Zipperer, if you and Mr. Evans would come

14    to the lectern, please.

15    [NOTE: Counsel and defendant approach the lectern.]

16    THE COURT: Mr. Joshua Evans, you appeared before this

17    Court on August 6th of this year accompanied by your attorney, Mr. Alex

18    Zipperer, III, for a Rule 11 proceeding.

19    On that date, pursuant to a plea agreement with the United

20    States government, you pled guilty and you were adjudged guilty of Count 1

21    of an information charging you with attempted receipt of child

22    pornography, in violation of 18 United States Code, Section 2252A(a)(2).

23    Upon completion of the Rule 11 proceeding and the Court's

24    acceptance of the guilty plea, the Court directed the United States

25    Probation Office to conduct a presentence investigation, and after

completing that investigation to file a report, and to furnish you and your counsel and counsel for the government with a copy of the report.

I ask you at this time, Mr. Evans, have you had an opportunity to read and discuss the presentence report with your lawyer?

MR. EVANS: Yes, Your Honor.

THE COURT: And Mr. Zipperer, do you or Mr. Evans now have any objections to either the factual accuracy of the report, or to the probation officer's application of the Sentencing Guidelines?

MR. ZIPPERER: No, Your Honor.

THE COURT: There being no objections to the factual statements contained in the presentence investigation report, the Court adopts those statements as its findings of fact.

There being no objections to the probation officer's conclusions as to the applicable advisory guidelines, the Court adopts those conclusions and determines that the applicable advisory guidelines are: a total offense level 19; criminal history category 1; 60 months of imprisonment; two years to life of supervised release; a $6,000.00 to a $60,000.00 fine; no restitution; and a $100.00 special assessment.

Mr. Zipperer, do you or Mr. Evans now wish to make any statement or present any information in mitigation sentence?

MR. ZIPPERER: Yes, sir, Your Honor. Mr. Evans has a statement he would like, and then I would have a brief request.

THE COURT: All right. Yes, sir, Mr. Evans?

MR. EVANS: Your Honor, I made some awful decisions in the past, and as a result I'm here today...

MR. ZIPPERER: Just take your time.

MR. EVANS: Looking back , I'm ashamed of my wrongdoing ...

MR. ZIPPERER: Judge, he's spent some considerable time working on exactly what he wants to say but –

THE COURT: – I understand, Mr. Zipperer. If I was Mr. Evans I'd probably be in the same mental condition that he is right now. I know that this is a hard process for him.

MR. EVANS: ...our God, my community, my family, my friends, my wife, my new daughter, and myself. I've lost the trust of many people, and I'm working on rebuilding the trust that once existed. The day I was arrested I spent much of the night in thought and prayer and reading over the Bible. And I realized that I never admitted to myself that I had a problem, or tried to do anything about it until I got to the point of the arrest. I turned my problems and sin over to God, and I felt a huge burden lifted off my shoulders. I knew I needed to change my behavior, and now that the part of my life that I was keeping a secret is exposed, I was able to gain accountability and be free from this sin.

Since I've been home my love for my wife has blossomed. Because of this situation I can now be the person she's always wanted me to be, and the husband to her that God has called me to be. My wife is the person who has witnessed this great change in my life.

I'm sad when I think about the long-term effects my poor choices have caused for those around me. Your Honor, I know I did wrong, and I must face the consequences. From the bottom of my heart I apologize for my previous behavior and ask your leniency in your

judgment.

THE COURT: Thank you, Mr. Evans. Mr. Zipperer?

MR. ZIPPERER: Judge, we had no objection to the probation officer's recommendations; however, I'd like to ask the Court, Your Honor, to consider a shorter supervised release term than that recommended. The guidelines policy is for – I think recommends longer terms of supervised release in these cases. But this case, Judge, I think there's just a lower risk of recidivism than in the typical case. And he also has to register as a sex offender, which will be ten years minimum, as I understand it from Mr. Highsmith, after his release. And supervised release, Judge, as the Court knows, is a fairly onerous burden for a long period of time. If the Court would consider something less than the ten-year recommendation, we would appreciate it, Judge. I think the minimum under the guidelines is two years.

THE COURT: Anything else, Mr. Zipperer?

MR. ZIPPERER: No, sir.

THE COURT: I've listened to the defendant and the defendant's counsel. Anything from the government, Ms. Wade?

MS. WADE: Your Honor, the government concurs in the recommendations by probation, including the ten years supervised release.

THE COURT: I've also listened to the government. I've reviewed the presentence investigation report.

Prior to sentencing today I've also read many letters that have been sent to the Court on behalf of Mr. Evans, and those letters were very moving letters. They were not just strictly from loved ones and family

members, but they were letters from college associates, former professors, coworkers, friends, people who have known Mr. Evans and known about him, and what kind of life he's led in the past, and the kind of person that he is, and their perception of him; and their remorse and their surprise and shock that the Mr. Evans that they know could become involved in this behavior.

In all the years that I've been on this bench I've probably not received as many compelling letters that truly tried to tell the Court and testify as to the kind of person they perceived Mr. Evans to be, and his family to be. I get letters all the time that are just sort of perfunctory letters. They look like they've been cut out of a cookie cutter or something. You know, Judge, please be lenient, or he's a good man, and that sort of thing. But the letters on Mr. Evans' behalf have been extremely well-written and thoughtful letters. And I feel like that those letters have been sent to the Court because the authors of those letters have truly meant the comments that they have made to the Court. And I have considered, you know, all of those matters.

I have also considered the factors set forth in 18 United States Code, Section 3553(a).

I want to say from the outset that in all the years that I've been on this bench that this is one of the worst days for me. I've put this sentencing off. I've had this PSI for a while. This case has been ready for sentencing for a while, and I've postponed the sentencing in this case because I have anguished over this case. Part of the reason that I postponed the sentencing in this case was because I was hopeful, hoping

against hope, that some decision might come from the Supreme Court that would give me some leeway in sentencing Mr. Evans; or that perhaps even Congress might become more reasonable on the issue of mandatory minimums and not handcuff the trial judge and handcuff the sentencing judge on sentences that the Court has to impose in cases such as Mr. Evans'. There are some of these cases where the facts are horrendous, and where the facts truly call for the sentence such as the mandatory minimum in this case. But there are other cases – and Mr. Evans' case is certainly one of those cases if I've ever seen one -- where the facts just do not justify the sentence that the Court is compelled to impose.

You know, I've said before from this bench, and I'll say it over here now looking at the U.S. Attorney's office, in the prosecution of these cases I know what the Department of Justice policy is, and I know the dictate that comes down from the Department of Justice. But the U.S. Attorney is independent. The U.S. Attorney has a right to say to the Department of Justice, I'm sorry Mr. Attorney General, or I'm sorry Mr. Chief of the Criminal Division, but I don't agree with your policy in this case. And this is one of those cases, in my estimation as a trial judge in this case, where something else should have been done in this case. The Department of Justice should have used pretrial diversion. They should have done something other than a plea resulting in a mandatory minimum in this case.

It's not the Department of Justice's fault that Mr. Evans chose to engage in the conduct that he engaged in. It's not the Congress's fault that Mr. Evans chose to engage in the conduct that he chose to engage in,

but the Department does have a role to play in these cases, and their ability to exercise discretion in these cases far exceeds this Court's ability. I mean, this is a sad day. It's a say day for Mr. Evans, for his family. It's a sad day for this Court, and I think it's a sad day for justice, because I think that the mandated sentence in this case is not a just sentence. And that's what we're supposed to be doing in this court, and that's what we're supposed to be about, and that's what the Department of Justice is supposed to be about.

I became eligible last month to retire from this bench, and it's these kinds of days that make me think maybe that'd be a good thing, because this is not a happy day. The problem is, if I don't do it, somebody else is going to do it. Some other judge is going to be here saddled with the same mandatory minimums that I'm saddled with.

You know, when I look at this case, the guidelines in this case are much less than the bottom end of the mandatory minimum. And the guideline sentence in this case is extremely more reasonable than the mandatory minimum is. And if there was any way that I could avoid that mandatory minimum in this case, I assure you I would do that.

The 3553(a) factors certainly do not warrant the sentence that the Court is forced to impose in this case, not by any stretch of the imagination. I made some notes when I was wrestling again with this case last night and earlier today, you know, that the computer used by Mr. Evans in this case was his home computer; it wasn't any computer that he used on any job. All of the information is that he did not use the computer at the school where he worked or where he taught for these purposes. At

the time of the warrant when the computer was seized in this case, there were in fact no child pornographic images located in Mr. Evans' computer, but he did admit that he had communicated on the internet with someone that he thought was a minor female and that he had requested photographs from. I mean, he admitted that. However, when he had the opportunity in this case to meet at a hotel with someone that he thought was going to be a minor female for him to meet with, he chose not to go to that meeting. In fact did not do that, and the authorities or the investigators determined that he wasn't going to show up.

There's also not any evidence in this case that Mr. Evans ever intended to traffic in or to distribute the offensive material. The – I'm trying to find that report – the report from the counseling center where Mr. Evans has been receiving treatment since this matter was discovered states that, it is important to note that Mr. Evans does not fit the typical profile of a sex offender, and that in their opinion that there is little or no danger of any future activity of this kind by Mr. Evans.

And all of those factors – I could go through a lot of other factors about the need not to come down with a sentence any greater than is necessary under the facts of the case, and all those other factors, that if this was truly a guideline case, the Court could fashion a sentence that would require no jail time for Mr. Evans, or very, very little jail time for Mr. Evans, and that sentence could be fashioned in a manner and to a degree, based upon the facts and circumstances of this case, that it would stand the scrutiny of appeal based on the current state of the law. But as long as the mandatory minimum stands as a roadblock, then the Court is in effect

handcuffed in this case.

The Court could find – and I've stated many of the reasons, and I could go on and state others – reasons to depart from this sentence, but because of the fact that this is a mandatory minimum sentence, and the facts as found are those contemplated by the Sentencing Commission and dictated by the Congress, then the Court feels compelled, even though it has no desire to do so, to render the sentence in this case.

Pursuant to the Sentencing Reform Act of 1984, IT IS THE JUDGMENT OF THE COURT that the defendant Joshua H. Evans is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months, which is a sentence that is much more severe than should be called for in this case.

The Court has determined that the defendant does not have the ability to pay a fine.

FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years. While on supervised release the defendant shall comply with the standard conditions of supervision adopted by this Court; and the mandatory conditions required by 18 United States Code, Section 3583, which will include, but not be limited to, urine testing, a prohibition against possession of any firearm or other dangerous weapon, and a prohibition against the violation of any local, state or federal law.

Further, the defendant shall cooperate in the collection of a DNA sample as directed by the probation officer pursuant to 18 United States Code, Section 3583.

The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines that it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

The defendant shall complete 100 hours of community service during the first 12 months of supervision.

The defendant shall attend and participate in a mental health treatment program, including sex offender treatment, as directed by the probation officer, and the defendant shall abide by all rules, requirements, and conditions of the treatment program, to include random polygraph examinations. The cost of treatment shall be paid by the defendant in an amount to be determined by the probation officer based on ability to pay, or availability of third-party payment.

Defendant shall not possess, access, subscribe to, or view any videos, magazines, literature, or internet web sites depicting children or adults in the nude and/or engaged in sexual activity.

The defendant shall not have contact with anyone under the age of 18 unless accompanied by a responsible adult approved by the probation officer who is aware of the defendant's pattern of sexual abuse. Contact is defined as person-to-person, over the telephone, through the mail, over the internet, or third-party contact. And let me state here that the investigation report that I have received, and all other information I've received in this

case, none of that says that Mr. Evans ever in any way inappropriately touched a minor, had inappropriate comments that he made to minors, that any of his conduct during the time that he worked with youth groups and worked as a teacher, that any of that conduct was inappropriate. In fact, the people that have worked with him in these areas and associated with him in these areas have all been shocked and surprised by his arrest in this case.

The defendant shall register as a sex offender with appropriate federal, state, and local authorities, and shall comply with all registration requirements.

The defendant shall submit his person, residence, office, vehicle, computer hard drive, computer disk, or any other computerized files to a search conducted by the United States Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant, and at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation.

The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall not possess or use a computer with access to any online service at any location without prior written approval of the probation officer, and this includes any internet service provider, any bulletin board system, or any other public or private computer network. The defendant shall not possess or use any computer for employment purposes without prior approval of the probation officer. And the defendant shall consent to third-party disclosure of any employer or

potential employer of any computer-related restrictions imposed by the Court.

The probation officer is hereby directed to provide the defendant with a written statement which sets forth all the conditions to which the term of supervised release is subject.

The Court has accepted the plea agreement, but I do believe that it overstates the seriousness of the actual offense behavior in this particular case.

It is FURTHER ORDERED that defendant shall voluntarily surrender to the institution designated by the Federal Bureau of Prisons by 2:00 p.m. on – what is 30 days from the date, Mr. Garrett?

CLERK: Your Honor, 30 days would be Friday, January the 11th. The following Monday is January 14th, sir.

THE COURT: -- by Monday, January 14, 2008. Whatever designated institution you wish me to recommend, Mr. Zipperer, if you will let the probation office know, I will make that recommendation in my final judgment and commitment order in this case.

Mr. Evans, you are now advised that it is your right to appeal from this sentence within ten days from this date; and a failure to appeal within the ten-day period shall be a waiver of your right of appeal. The government may appeal of this sentence.

You are also advised that you are entitled to assistance of a lawyer in taking an appeal, and if you're unable to afford a lawyer one will be provided for you.

If you so request the Clerk of Court will prepare and file a notice

of appeal on your behalf.

Sentence has been pronounced. Do you now have any objections to the Court's findings of fact, conclusions of law, or manner in which the sentence was pronounced; Mr. Zipperer?

MR. ZIPPERER: No, Your Honor. However, I did need to ask the Court if it could make a temporary exception for the next 30 days for the contact with a minor for his own baby. If he could – if that would be an exception so that he can –

THE COURT: – Oh, yeah, that's obvious. That's an obvious exception, Mr. Zipperer.

MR. ZIPPERER: Not necessarily to the probation officer, Your Honor –

THE COURT: – Well, if it's not obvious to them, it ought to be obvious to them. They don't live in a cocoon, I hope.

Anything else?

MR. ZIPPERER: No, sir.

THE COURT: Anything from the government, Ms. Wade?

MS. WADE: No, Your Honor.

THE COURT: Mr. Evans, I know that with faith and determination that you can overcome this conviction and this sentence. And I know that your family can overcome this. This sentence is going to result in a long separation, a separation that I've already stated is too long to satisfy the law enforcement objectives in this case. And would that I could do something about it. I will be a very, very disappointed man, as will the members of your family and your friends and your loved ones, if

1    once this sentence is completed you do not go on and become a law-abiding

2    citizen, and a useful member of the community.  And we would all be very,

3    very disappointed if that should not happen.

4           [NOTE: Whereupon the proceedings as to this defendant are

5    concluded.]

STATE OF GEORGIA

CHATHAM COUNTY.

## CERTIFICATE OF REPORTER

I, Marie Cowart, do hereby certify that the above and foregoing pages of typewritten material is a true, correct and complete transcript of the evidence and proceedings adduced in the hearing stated in the captioned matter.

This 14th day of December, 2007.

Marie Cowart, CCR B-237
United States Court Reporter
Southern District of Georgia
Savannah Division

P. O. Box 9572
Savannah, GA 31412
(912) 650- 4066